# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# DEL RIO DIVISION

| | | |
|---|---|---|
| MARINA CHARLES RODRIGUEZ § | | |
| *Plaintiff,* § | | |
| § | **CIVIL ACTION NO.** | |
| VS. § | | |
| § | | |
| § | | |
| TRANSPORT LOGISTIC § | _____ | |
| CORPORATION D/B/A REGIO § | | |
| EXPRESS AND JOSE PEDRO § | | |
| ARELLANO § | | |
| *Defendants.* § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

## A. PARTIES

1. Plaintiff, MARINA CHARLES RODRIGUEZ, is an individual that is a citizen of the State of Texas.

2. Defendant, TRANSPORT LOGISTIC CORPORATION D/B/A REGIO EXPRESS, is a corporation that is incorporated under the laws of the State of California. Defendant has its principle place of business in the State of California. Defendant may be served with process by serving its registered agent, Jose Ramon Tamez, 5276 Sandbar Cove Way, San Diego, California 92154.

3. Defendant, Jose Pedro Arellano, an individual and citizen of the State of Arizona, may be served with process at 5276 Sandbar Cove Way, San Diego, California 92154.

## B. JURISDICTION

4. The Court has jurisdiction over the lawsuit under 28 U.S.C §1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## C. VENUE

5. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district, arising out of a motor vehicle incident, which occurred on or about August 09, 2018 in Eagle Pass, Maverick County, Texas.

## D. FACTS

6. This lawsuit results from a collision that occurred on August 09, 2018 on Veterans Boulevard in Maverick County, Texas.

7. Plaintiff MARINA CHARLES RODRIGUEZ, was driving her vehicle reasonably and prudently when a vehicle driven by Defendant JOSE PEDRO ARELLANI, owned by Defendant TRANSPORT LOGISTIC CORPORATION D/B/A REGIO EXPRESS, failed to keep a proper lookout, turned improperly and failed to control his speed and in the process violently struck the vehicle driven by Plaintiff MARINA CHARLES RODRIGUEZ.

## E. NEGLIGENCE

8.      Plaintiff would show on the occasion in question, Defendant JOSE PEDRO ARELLANO was negligent in numerous and various acts and omissions, including but not limited to the following, said negligence being a proximate cause of the collision in question:

   a.     In failing to keep a proper lookout for Plaintiff;

   b.     In operating the tractor trailer at an unsafe and excessive speed;

   c.     In failing to control his speed;

   d.     In operating the tractor trailer in a manner which posed a danger to the traveling public;

   e.     In failing to maintain and/or control the speed of the tractor trailer Defendant was driving as a reasonable and prudent driver would have done under the same or similar circumstances;

   f.     In failing to properly operate the tractor trailer in order to avoid the collision in question;

   g.     In failing to take evasive action in order to avoid the collision;

   h.     In failing to maintain proper control of his tractor trailer;

   i.     In operating the tractor trailer in an exhausted and un-alert physical and mental state of being, knowing that it was unsafe to do so.

   j.     In operating the tractor trailer against the rules and regulations of the Texas Department of Public Safety;

   k.     In failing to timely apply the brakes to the tractor trailer; and

      l.      In driving the vehicle in willful and wanton disregard for the safety of persons or property in violation of Texas Transportation Code § 545.401, VTCS.

9.    In addition to and without waiving the foregoing, Plaintiff would show that at the time of the incident in question, Defendant TRANSPORT LOGISTIC CORPORATION D/B/A REGIO EXPRESS maintained control, along with JOSE PEDRO ARELLANO, over the tractor trailer Defendant JOSE PEDRO ARELLANO was operating.  On and before August 09, 2018, Defendant TRANSPORT LOGISTIC CORPORATION D/B/A REGIO EXPRESS was negligent in hiring, employing entrusting and supervising Defendant JOSE PEDRO ARELLANO and in providing a dangerous instrument eg. the tractor trailer, to Defendant JOSE PEDRO ARELLANO for the purpose of operating same on the public streets and highways of Texas in furtherance of Defendant TRANSPORT LOGISTIC CORPORATION D/B/A REGIO EXPRESS's business and profits.  Thereafter, Defendant JOSE PEDRO ARELLANO operated the tractor trailer with the full knowledge, consent and permission of Defendant TRANSPORT LOGISTIC CORPORATION D/B/A REGIO EXPRESS.  At all times herein, JOSE PEDRO ARELLANO was incompetent and unfit to safely operate a tractor trailer on and of the public streets and highways of any state or country in that JOSE PEDRO ARELLANO was a reckless, incompetent and an unfit driver and TRANSPORT LOGISTIC CORPORATION D/B/A REGIO EXPRESS knew, or should have known that JOSE PEDRO ARELLANO was an incompetent, reckless and an unfit driver and that he would create an unreasonable risk and danger to persons and property

on the public streets and highways of Texas in that JOSE PEDRO ARELLANO was a reckless, incompetent and unfit driver. In addition, TRANSPORT LOGISTIC CORPORATION D/B/A REGIO EXPRESS was negligent in various acts and omissions, including but not limited to the following:

- a. In the hiring of Defendant JOSE PEDRO ARELLANO;

- b. In failing to properly investigate Defendant JOSE PEDRO ARELLANO's driving ability, prior employment history and driving history;

- c. In failing to properly train Defendant JOSE PEDRO ARELLANO to drive TRANSPORT LOGISTIC CORPORATION D/B/A REGIO EXPRESS's tractor trailers in a safe and prudent manner;

- d. In failing to properly supervise Defendant JOSE PEDRO ARELLANO to ensure that he would operate Defendant TRANSPORT LOGISTIC CORPORATION D/B/A REGIO EXPRESS's tractor trailer in a safe and prudent manner;

- e. In failing to make a prudent inquiry into the driving competency of Defendant JOSE PEDRO ARELLANO;

- f. In entrusting the vehicle driven by Defendant JOSE PEDRO ARELLANO on the occasion in question in that JOSE PEDRO ARELLANO was an unskilled, incompetent and reckless driver, of which TRANSPORT LOGISTIC CORPORATION D/B/A REGIO EXPRESS knew or through the exercise of ordinary care, should have known;

- g. In allowing the TRANSPORT LOGISTIC CORPORATION D/B/A REGIO EXPRESS's tractor trailer to have been operated on the occasion in question by an individual, i.e., JOSE PEDRO ARELLANO, who was not properly qualified to operate such tractor trailer;

## F. DAMAGES

10.     As a direct and proximate result of Defendants JOSE PEDRO ARELLANO and TRANSPORT LOGISTIC CORPORATION D/B/A REGIO EXPRESS, Plaintiff has suffered serious and permanent injuries to her body.  In all reasonable probability, Plaintiff will suffer for a long time into the future, if not for the balance of her natural life.  The injuries have had a serious effect on Plaintiff's health and well-being.  Some of these ill effects are permanent and will abide with the Plaintiff long into the future.  Plaintiff's ill effects have, in turn, caused her physical and mental conditions to deteriorate generally so that the specific injuries and ill effects alleged have caused and will in all reasonable probability cause her to suffer the consequences and ill effects of such deterioration throughout her body long into the future, if not for the balance of her natural life.  Plaintiff's damages are including, but not limited to the following:

   a.     Physical pain and mental anguish in the past and future.

   b.     Lost earnings.

   c.     Loss of earning capacity.

   d.     Disfigurement in the past and future.

   e.     Physical impairment in the past and future.

   f.     Medical expenses in the past and future.

   g.     Loss of consortium in the past and future.

  h.  Loss of household services in the past and future.

## G. PRAYER

11. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against defendant for the following:

  a.  Actual damages over $1,000,000.00.

  b.  Prejudgment and post-judgment interest.

  c.  Costs of suit.

  d.  All other relief the Court deems appropriate.

Respectfully submitted,

NEVÁREZ LAW GROUP, P.C.
780 E. RIO GRANDE STREET
EAGLE PASS, TEXAS 78852
TEL: (830) 776-7003
FAX: (830) 776-7003

BY: _____
ALFONSO NEVÁREZ C.
TEXAS STATE BAR NO. 24044929
ANC@NEVAREZLAWGROUP.COM

ATTORNEY FOR PLAINTIFF